So welcome and when we're ready we have a single case Richey v. if I'm pronouncing it correctly, Dahne and when you're ready counsel. May it please the court I'm Assistant Attorney General Haley Beach here on behalf of the appellant Mr. Dennis Dane. This court should reverse the district court and grant Mr. Dane qualified immunity for three reasons. First, Bradley and Brodheim do not provide notice that the act of asking an inmate to rewrite an occasion is unconstitutional beyond debate. Now just on the facts he asked him to rewrite it he didn't rewrite it and then he refused to file it. Well your honor he he asked that Mr. Richey rewrite it Mr. Richey did not do so and so then it became administratively withdrawn and actually in a... Administratively withdrawn means he refused to file it? The grievance was not processed correct your honor. But it was not withdrawn by the prisoner? It is a factually similar case of Clark v. Woodford. This court held that asking or requiring an inmate to remove inappropriate statements from a grievance was not the sort of punishment that Bradley was concerned with and was perfectly constitutional. So the conduct that Mr. Dane engaged in in 2011 was something that this court had already approved of in the Clark decision. Additionally the due process and exhaustion case law repeatedly counsels that prison officials may decide what their grievance systems can can receive and that when they enforce those grievance procedures they are perfectly entitled to do so without implicating the constitutional rights of the inmates and so the same conduct that this court and the Supreme Court repeatedly find constitutional and even encouraged for the proper running of the grievance system cannot be somehow considered differently just because the first amendment context and my third point would be that the Supreme Court has held that qualified immunity is appropriate where the weight of authority in the circuit cases holds that a right does not exist and in this instance the Ninth Circuit is the only court that has held that disrespectful language and grievances is protected and no court has held that an inmate has a right to include whatever he wants in a grievance without being asked to simply rewrite it. In November of 2012 when the district court judge first considered this case he dismissed it outright said that it had not even stated a claim and the Supreme Court has recognized that it's unfair to deny qualified immunity to lay people and prison officials when even judges disagree about the constitutionality of something so the fact that it was not readily apparent to the federal judge in 2012 that this conduct was unconstitutional means that it would be really hard to say that some prison official doing his job would have known that known something that a federal judge did not recognize. Well you know I I have a lot of empathy for federal district judges but I don't think the standard is whether the federal district judge knows I think the standard is whether it's been clearly established and I don't think we look to federal district court decisions to establish that. Correct your honor but I in the minds of every reasonable prison official which is the standard for qualified immunity that there should have been beyond debate in fact in the Zeller decision the Supreme Court said that the fact that courts are divided demonstrates that the law is not well established and so I think the the bigger the more important point is that there's no precedent on the books in 2011 particular eyes to the facts of the case that Mr. Dane confronted or the the fact that there's disagreement among the circuit courts further demonstrates that this right isn't clearly established and I think it is telling that even district court judges thought that this hadn't even stated a claim let alone was something that was clearly established. This case is different from Bradley because as this court recognized in Clark asking an inmate even requiring an inmate to rewrite a grievance or to remove inappropriate statements is not the sort of punishment or penalty that Bradley was concerned with and Brodheim which is the other case that the plaintiff relied or that the Mr. Ritchie relies on is was concerned with a warning or a threat written on the grievance slip that's not what happened here there was no warning there was simply a one-time direction to rewrite the grievance so it's distinct from Brodheim as well and no reasonable prison official would have thought that just asking him to rewrite it would have been akin to making a threat. Well but it was rewritten and pretty much continued in the same way it turns out that the sanction for the disreflective language is not that you have to rewrite it it's rather that if you don't rewrite it we're not we will not process the grievance so the sanction is not rewriting the sanction is we won't process it. Well there's two choices there your honor either you rewrite it to conform to the prison's established grievance procedure or you are not able to access that established grievance procedure. Well I think that's what I just said you know you and I are in agreement as to what happened. And the exhaustion case law makes clear that inmates do have a right to grieve but they have a right to do so in line with the rules that the prison has established. Well I understand what you're saying and I think we are in agreement as to what happened but it seems to me that the Brodheim case is very clear in saying the disrespectful language is not a reason that would Brodheim just says that. I think that your honor respectfully I think that Brodheim says that grievant that disrespectful language is protected under Bradley from penalty or punishment such that you can't retaliate against somebody for it and what the Brodheim court found to be potentially retaliatory there was an open question of fact in that decision that they remanded to the district court was the fact that there was a threat written by the grievance appeal coordinator on that grievance form and there was also a that grievance coordinator had recommended that that in may be transferred and the court said that those two things together could potentially create an adverse action that would chill and reasonable inmate of ordinary council if I could interject a question why wouldn't it be would be retaliatory if they just refused to file the grievance because your honor in 2011 there was no court decision that had ever found that simply refusing to process a grievance was an adverse action that could support a retaliation claim under section 1983 in fact there are many district court decisions that find that this sort of action is not something that is more than a de minimis harm why wouldn't it offend his right to petition because your honor he and his grievance that they administratively withdrew it because your honor if the if the inmate wanted to proceed with that claim he could merely file his claim in federal court and argue that the grievance procedure wasn't available to him so it doesn't impede his right to file a lawsuit which was what Bradley was concerned with the right to access the courts as part of the right to petition the government and in fact in the response brief mr. Ritchie basically conceded that he didn't have an actionable claim in the grievance that he was trying to submit and so for that reason there's no actual injury or other damage to a non-frivolous legal claim and for that reason there's no right to access the courts or right to petition implicated in that in that scenario okay thank you I would like to reserve the remainder of my time if the court has no other questions fine we'll hear from the other side and then you will have some time you good morning and may it please the court my name is Edward Piper and I represent mr. Ritchie the respondent I'm going to focus my argument on the second prong of the qualified immunity analysis of course I'm happy to answer any other questions the court may have but my sense is that that likely is where the rubber is going to meet the road here and in addition to the points we made in our briefing I've got three additional points I'd like to add and I'm going to be planning on ending and address the district court cases that that the defendant is relying on I'd refer the court to page 24 of our answering brief and specifically to the Tarabochia versus Adkins decision which I think is what frames the the mode of analysis through which the court looks at whether authority clear clearly establishes the rule that's applicable to this case and that decision says quote we begin our inquiry by looking to binding precedent if the right is clearly established by decisional authority of the Supreme Court or this circuit our inquiry should come to an end now as I'll say in a moment and I think as the court observed the broad I'm in the Bradley cases are binding precedent insofar as the issues in this case are concerned and so because there is binding precedent the inquiry should come to an end council there certainly or at least to me they seem to be binding on the question whether his right to petition is impacted by the not not filing the grievance with offensive language but why are they binding on the issue of retaliation because they deal with what is essentially the same set of facts now in establishing urgent showing clearly established law we don't need to point to a case that is on all fours meaning that we don't need to point to a case where a prisoner was punished in the form of being refused access to a grievance system but I do think Brodheim relying on a Second Circuit case did address this question squarely it said citing the Second Circuit case the question for the district court to ask is whether the record the record taken in light most favorable to the plaintiff reveals statements by the defendant that a reasonable fact finder can interpret as intimating that some form of punishment or adverse regulatory action would follow now I think that the briefing has your argument is that the unconstitutional action of refusing to file is itself the retaliation ordinarily retaliation is I engage in some activity that is protected and because I've engaged in the activity that's protected the defendant does something else to me but here what is protected is the filing and the defender refused to allow the filing and you say that's retaliation rather than merely an unconstitutional act that's correct with that that's correct your honor and I and I agree that in in maybe the run of the case is the retaliation might take some other form in other words it might be that the grievance is processed but because the prison doesn't like the grievance it puts mr. Ritchie in solitary confinement or transfers him to a less desirable location does it matter in terms of any remedy that mr. Ritchie might be entitled to whether this is a viable cause of action overcoming any qualified immunity defense with respect to petition but doesn't get retaliation that is to say are there different remedies that flow depending on which of those two rights is it issue the right to petition or the right to be free of retaliation I don't think there are different remedies your honor and I and I don't think that's an issue the court I'm trying to figure out if it matters and I think the answer is no I don't think it matters for the purposes of this interlocutory appeal and the reason for that is that given the facts of this case I think as you observed that the questions are sort of one in the same and let me point out then the the one sentence that the defendant has suggested that a complex reading of these cases is necessary and we disagree with that and I'd like to point out the one sentence based on which I think the court can and that's from the broad-end case it's page 1271 of that decision and the sentence is disrespectful language in a prisoner's grievance is itself protected activity under the First Amendment judge Foster I think you said that's what the case says and that sentence I think does dispose of both the retaliation issue and the substantive right to petition issue what is that sentence dispose of the retaliation issue it disposes of the retaliation issue because based on the the record before the court there at minimum it is a tribal issue of fact as to whether that protected activity mr. Ritchie's disrespectful language was the reason that he was refused access to the grievance system as a whole the the rewrites themselves and this is on pages 168 and 169 of the excerpts of record say that the grievance is being refused because of its quote unnecessary and inappropriate language and in fact mr. Donnie and his declaration in the summary judgment proceedings confirmed as much he used exactly that the same word inappropriate so excuse me if I may counsel the problem is I don't think you've really addressed judge Fletcher's concern which is also my concern so you have this language that which you contend and I would say there's some support for is protected under the First Amendment right and then you're saying that same act not only constitutes the act but the retaliation in other words there isn't a second act by somebody to retaliate there the very constitutional violation you complain of is not only the constitutional violation but also the retaliation violation my wrong that's my question it's a bit of a sort of a it's almost like a logical problem I agree your honor and I think maybe the way to resolve it is to note that in this context the the exercise of the constitutional right takes place over time the filing of the grievance is an exercise of mr. Ritchie's right to petition as well as his participation in the process and so he is it's not say where it would be a logical for an employee to protest the fact that he or she's been terminated well you're pushing a little bit on our understanding of the term retaliation and I think I've heard you say I'll give you a chance to unsay it if you wish that it doesn't matter that is to say if the defendant violated the right to petition and did so in such a fashion as to forfeit the right to qualified immunity it doesn't matter whether at the same time he forfeits his right to a claim to defend unqualified immunity grounds from it from retaliation claim so why do we care I mean why can't we keep the definition for retaliation within its ordinary easy understand easy to understand bounds why do we need to stretch it here is there any any real world consequence that's at issue the real-world consequence for mr. Ritchie is his access to not just to participate in the in the grievance system but I suppose it would be his right to obtain an adjudication well he's about to get one and he may well but I'm saying assume for a moment that he wins on his petition to for grievances claim and he wins in the sense that there's no qualified immunity to that because the law is very clearly established he got his he got his day in why does he need retaliation on top of that well so this is a critical point your honor when I say adjudication I don't mean adjudication in this lawsuit what I mean is the adjudication of in perhaps even a non-legal sense of whether it was right or wrong in the context of the prison but I think he's just gonna get that too by my hypothesis my hypothesis is he wins on the petition for grievances claim and qualified immunity is not sustained as to that claim so he wins on that I'd certainly agree with that you're on this is a hypothetical if he wins on that what consequence is there as a practical matter of winning or not winning on the retaliation claim and I think I've heard you say there is no consequence I think that's right your honor and I think I may have been misunderstanding the question but as it's framed that way I think there is no consequence there are two conceptually distinct claims but in terms of remedies in terms of the the facts that we're talking about on the ground here I don't think there is a practical distinction does that answer the question I think I think it does we do have a sort of a notional understanding of retaliation I do this and then you do something else to me because you didn't like what I did and if my activity is constitutionally protected the retaliation is unconstitutional that's right and in the particular that's the ordinary understanding of retaliation and you're good on that understanding and I think the reason for that judge Fletcher is that this is a unique set of facts and that the the grievance process takes place over a period of time there's an investigation there's adjudication and in this set of facts it's possible for that to happen okay thank you very much any further questions from the bench your honors counsel is correct that Brodheim stated that Bradley had held the disrespectful language and a grievance in the Ninth Circuit is protected however it's protected from two things according to Bradley and Brodheim under Bradley it's protected from punishment mr. Ritchie was not punished under Brodheim it's protected from retaliation which in that case was some sort of adverse action here there has been no adverse action no of course there has been an adverse action it may or may not be retaliation but the adverse action is so long as the grievance contains the disrespectful language he can't process the grievance that sounds pretty adverse to me well your honor for under qualified immunity the question is whether it was clearly established that that would have been an adverse action at the time that mr. Dane acted well it doesn't take much brains to figure out that if I'm trying to well your honor the prison has a right to have inmates have no right to a specific grievance process they have a right to access the established established grievance procedure in place at the prison and so if prisons have a rule that would prevent an inmate from accessing it if they don't follow that rule that's been but what if the rules unconstitutional here I would suggest your honor that the rule is not unconstitutional all that there but a prisoner is entitled to use disrespectful language and grieving that's constitutionally protected your honor I would argue that Bradley says prisons may not punish an inmate for using that language but punishment in that context has been distinguished by this court in the Clark decision as not applying to a simple direction to remove inappropriate statements from a grievance and so mr. Dane acting in 2011 had that case as guidance as to the specific situation that he confronted and the only case to speak to the specific situation that he confronted had said that that conduct was just fine and the Supreme Court has been very clear that where there's not a particularized case holding that the conduct that an official engages in is unconstitutional that that person is entitled to qualified immunity it's kind of the flip of what I asked your adversary a moment ago if and so I don't ask you to concede if if it is unconstitutional for the prison to refuse to file a grievance that contains disrespectful language and if the law at the time the prison authority acts is sufficiently clear clear that it's unconstitutional to refer to refuse to file the grievance that qualified immunity doesn't apply thus we know that the refusal to file is an unconstitutional act whose unconstitutionality should have been obvious to any reasonable official so take that as the if does it matter what we call it that is to say the defendant prison official knew or should have known because any competent prison official would have known that his act was unconstitutional so qualified immunity is designed to protect freedom of action for defendants who cannot know whether their act or cannot reasonably be sure whether their act is unconstitutional and I've just hypothesized that any competent officer would have known so why should qualified immunity to protect him from retaliation claim because he acted unconstitutional and he knew he did because the only question is what we call it well your honor in that situation and that's a big if the the question would be whether in the retaliation conduct the rights were all similarly clearly established whether each each step of that retaliation analysis was clearly established and here there was nothing in 2011 telling mr. Dane that simply refusing to process a grievance was an adverse action that could support a retaliation claim so on that basis he would be entitled to qualified immunity I see him well over time but I would just like to say that in recently in 2017 the Supreme Court held that where the courts are divided a right cannot be clearly established in this case there's no Supreme Court precedent on point there is a consensus in the circuit courts that the right that mr. Ritchie is trying to redress in this case does not but but you know as well as we do that the law that governs the people the actors in the circuit is circuit law and if our circuit law is wrong the Supreme Court will get around sooner or later usually sooner to telling us that we're wrong I think for purposes of qualified immunity the Ninth Circuit law governs even assuming it does your honor I would argue that Bradley and Brodheim are not precedential on the point in a particularized manner that would have put mr. Dane on notice that what he did was unconstitutional beyond debate and for that reason we would respectfully request that the court realize you're over time and I apologize for detain you a one moment longer I want to ask you the same question I asked the other side assuming we hold that there's no qualified immunity with respect to the petition for grievances claim is there any practical consequence for holding or not holding the same with respect to retaliation claim I mean are there any different remedies or anything different depending on whether we call it the petition for grievances claim or retaliation claim I think practically speaking your honor I mean finding two constitutional violations is different than finding one constitutional violation however as you know we would state that mr. Dane is entitled to qualified immunity from both causes of action thank you both sides now as I recollect you're doing this pro bono I would like to thank you on behalf of the for doing this pro bono work we find it very useful this is not a preview of the merits and we'll thank you too although you're being paid thank both sides for very useful arguments the case of Richie versus Dane now submitted for me may I add that I think both counsel did a superb job this morning of answering very difficult questions and I was certainly happy that we had argument because you both did a great job I think so thank you very much and we're now an adjournment case submitted
judges: W. Fletcher, Gould, Ezra